Good morning, Your Honor. Mr. Bolanos-Hernandez. Yes, you may proceed, Counsel. Thank you. May it please the Court. My name is Tracy Stile, and I'm from the Spokane Public Defender, Federal Defender, and I'm here on behalf of my client, Jose Bolanos-Hernandez, and if I may, I'd like to try and preserve two minutes for rebuttal. Of course, of course. I will. The main issue presented in this case is whether Mr. Bolanos-Hernandez's conviction out of California for assault with intent to commit rape qualifies as a categorical crime of violence. The definition of crime of violence in this case is under the guidelines, Section 2L1.2, and it's important to recognize that this definition is probably narrower than other definitions. The definition in this particular guideline, for the relevant purposes here, includes the specific crime of forcible sexual offenses and any other offense that has as an element the use, attempted use, or threatened use of physical force against the person of another. So that's the category that we are dealing with here today. The California statute of assault with intent to commit rape basically requires an assault, which is an attempt. Under California, there are some... Doesn't just the assault element itself make it a crime of violence? Well, Your Honor, the assault in that case, if you look under the definition of assault, it doesn't require a bodily injury. And, in fact, I don't believe it requires physical force at all. It is defined as an attempt, coupled with the present ability to commit what they call a violent injury on another. But they have defined violent injury to mean it does not mean any bodily injury. In fact, on page 12 of the government's brief, it sets forth that violence and force are synonymous when used in relation to assault and include any application of force, even though it entails no pain or bodily harm and leaves no mark. So, Judge? So what's the difference between charging assault and charging battery? Now, battery is supposed to be less than assault? Battery is supposed to be less? Yes. A battery is an actual physical contact where, in this case, I think, under California law, an assault is an attempted battery because they do say that assault is defined as an unlawful attempt to commit. Basically, what it boils down to under California law is it requires intent and the unlawful attempt to have sex, sexual intercourse, by force, violence, or fear of bodily injury. So, in a sense, it's an attempted rape, is kind of a short-end version of that. Now, in our case ---- Would rape standing by itself be a forcible sex offense? No. It would not be, Your Honor, for several reasons. Actual rape would not? No, Your Honor. And if you think about it, rape that has been defined, the definition of rape has been generalized quite a bit to include situations where it was just unconsented sexual intercourse. I'm talking about statutory rape now. I'm talking about rape where the victim is over 18. Right. And rape ---- Unconsented. Pardon? Unconsented. Unconsented. It does not require physical force in such circumstances. Well, what are you talking about? Like, you know, you mean raping, say, a person who is, you know, mentally incompetent? Sure. Or who is incapable of consenting, maybe is intoxicated and passed out. Somebody who's drugged? Right. Well, under one of those circumstances, it does not require the forcible ---- the use of force to commit the crime. And I would note, Your Honor, that in 2003, the definition of crime of violence under this guideline was amended. And I guess it was a prior amendment. But anyway, it used to be that any prior conviction for an aggravated felony would bump him up by 16 levels. But an aggravated felony is specifically defined to include rape, any rape. Now, that has been brought down to an 8-level enhancement. So if you have a rape conviction, it qualifies as an aggravated felony, and that gives you an 8-level bump. Here, they don't use rape. They use forcible sexual offense. And we have to assume that there's a difference between forcible sexual offense and rape. So rape does not equal forcible sexual offense. Going back ---- But going back to the definition in the California statute, it says it means by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury. Right. And when you do it by fear of bodily injury, it seems to me that you've got the equivalent of force. Well, let me put it to you this way. And it really depends on whether you're trying to categorize this crime as a forcible sexual offense or under the catch-all use of force. But if, for example, you have a gentleman with a very dangerous reputation, and he approaches a woman and wants to have sex with her, she doesn't consent to the sex, but she has ---- she doesn't resist because she's afraid of what he may do to her if she doesn't. What about the Yanez Saucedo case cited by the government? Which ---- I'm sorry. Which page was that? Well, I didn't say, but I believe it's pages 15 to 17 of the Red Brief. Yes, Your Honor. And that is a third-degree rape case, if I'm not mistaken. A 2002 third-degree rape case. And again, that fell under the definition of aggravated felony. When aggravated felony used to be the 16-level bump. An aggravated felony specifically includes rape. And here it's completely different. The 16-level bump is not for an aggravated felony. It's for a crime of violence. And crime of violence includes forceful sexual offense. And I think the distinction is well made in a case, Lopez v. Montanez, in which Judge Fletcher was on the panel. I think Judge Fischer wrote the opinion in that. And in that case, they said that California sexual battery does not include a crime of violence under this specific category or guideline definition. So again, I think categorically, it doesn't fall under the catch-all because, as this Court has said many times, the force that must be used under the use of force, catch-all phrase, must be violent force. And in this case, violent force isn't necessary to commit the crime. In addition, it's – Assault with intent to commit forcible rape, which would be different from assault with intent to commit rape? No. I don't know. I don't know. I don't know that. I know that there's attempted sexual battery, which is different because it requires the intent to do it for sexual purposes, I think. And California has said this statute, the intent is the intent to commit the act. It's not the intent to use the force. It's the intent to commit the act. So – and then again, it doesn't qualify as a forcible sexual offense because the force for assault doesn't have to be a violent – a violent force, and it does not equal the rape. And I have a minute and 45 seconds left. I'll try and reserve that for rebuttal. Thank you. Counsel may do so. We'll hear from the government. Pamela Byerly from the Eastern District of Washington out of the Spokane office. Your Honor, Judge Nielsen found – didn't give much reasoning, but just found that this particular crime that defendant was convicted of was assault with intent to rape, commit rape was a – categorically a crime of violence, and the government's decision is the same. And I – It's crime of violence based on what language? Based on, I believe, Your Honor, the forcible sex offense, but also that catch-all phrase as well. I would argue both in that the conduct falls within the ordinary contemporary and common understanding of the term rape. Well, it would seem – it would seem that way, you know. But first of all, if you take assault, I think – I think Ms. Todd may be correct that assault, like, includes, like, attempted battery, right? Which, you know, could mean you could accomplish assault without even touching anybody, right? You know, Your Honor, I – assault, I suppose fear of being touched can consider assault. If we look to the categorical approach, though, under this particular California statute, and the definition, which is I understand what we do under the Taylor analysis, the definition of assault is an assault is an unlawful attempt coupled with the present ability to commit a violent injury, violent injury on the person or another. We also have to include the definition of rape within that statute as well, which is sexual intercourse accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another. Your Honor, I guess I'm just – Okay. That's rape, but this is an attempt. It's not even attempted. Assault with intent to commit rape. Well, does that – does that mean there is no rape, right? Well, they've been assaulted. That's correct. So in a sense, the definition of rape almost doesn't matter because there's no rape. There's only an assault. I believe the fear factor does come into play and that there does appear to be the threatened use of physical force. I can understand. I fully sympathize with Justice Nielsen's reaction because mine is the same. I mean, instinctively, instinctively you think, well, assault with intent to commit rape has to be, you know, some kind of a forcible, right? But then you start trying to parse it out and it's kind of confusing. It is very confusing to me, Your Honor, and I've struggled through this several times. You know, rape certainly is unlawful sexual activity with a person without consent usually by force or threat of injury under the Black's Law Dictionary definition. That came out on Yanez's CEDAW. Your Honor, I think that I cannot comprehend assaulting a person with intent to commit rape not involving some means of force. Of course. And I just, under Black's Law Dictionary, under CEDAW. Well, what about, you know, if the perpetrator is dealing with, you know, an incompetent person, somebody who's, you know, like an adult who's got the mind of a 5-year-old? Well, I don't know about an adult dealing with a 5-year-old, and I don't believe that I did actually put the Castor Baez case in my brief, but I know that certainly rape can be accomplished based on a person impaired by drugs or by trickery. Right. And that was found in that case under the same California statute. So I don't have a problem with that particular, but the Court may, and I understand that. I really, it would be difficult for me to stand up here before this Court and say that this particular assault with intent to commit rape conviction was not a crime of violence. Under both categories, the Court may feel differently. But under the case law that I understand and definitions given, that would be the Court's, the government's position. Any further questions? No. No questions, counsel. Thank you. Ms. Staub, you have some reserved time. Basically, as the Court has kind of parsed out here, an assault with intent to commit rape, the only rape issue is that the defendant has to, the jury has to believe or the government has to prove that he had the intent to commit rape. But beyond that, rape is really irrelevant. It's the assault, and the assault is an attempt. That's what they say. And it doesn't have to be violent assault. It doesn't even have to include bodily injury. I don't even think it has to include bodily contact. It's an attempt. So it's an attempt with the intent to commit the assault. And when you break it down to that basic element and you have to compare it to a crime of violence which requires not only force but violent force, you don't get there. And we can't use the modified categorical approach because there's nothing in the record. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: B. Fletcher, O'scannlain, Tashima